## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

**UNITED STATES OF AMERICA,**

　　　　　Plaintiff,

v.

**MATTHEW SHERIDAN DERBY,**

　　　　　Defendant.

No. 1:09-cr-30006-MC

**ORDER**

McShane, District Judge.

This matter comes before the Court on remand from the Ninth Circuit Court of Appeals for the purposes of resentencing Defendant Matthew Sheridan Derby. For the reasons set forth below, I conclude that Defendant is not subject to the Armed Career Criminal Act's fifteen-year mandatory minimum sentence.

### Background

On February 6, 2009, Defendant was indicted on a single count of felon in possession of a firearm as an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF Dkt. No. 1. The indictment alleged that Defendant had the following predicate convictions: Attempt to Elude Police in 2003 and 2004, Burglary in the First Degree in 2003, Burglary in the Second Degree in 2008, and Delivery of a Controlled Substance in 2005 and 2008. ECF Dkt. No. 1. On October 26, 2009, Defendant entered a guilty plea and, on January 11, 2010, Defendant was sentenced to 180 months. ECF Dkt. Nos. 23, 27.

On June 19, 2014, Defendant filed a Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he argued that his convictions for burglary and attempt to elude do not qualify as ACCA predicates. ECF Dkt. No. 40. On December 30, 2014, Defendant's motion was denied, but a certificate of appealability was issued. ECF Dkt. Nos. 46, 50. Defendant timely appealed and during the pendency of that appeal the Supreme Court issued its decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015). In light of *Johnson*, the Ninth Circuit vacated the denial of Defendant's § 2255 motion and remanded the matter to this Court for resentencing. ECF Dkt. Nos. 51, 53.

## Discussion

The Government asserts that Defendant still qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because of his convictions for Burglary in the First Degree under ORS 164.225 and Burglary in the Second Degree under ORS 164.215.[1]

Ordinarily, a conviction for violation of 18 U.S.C. § 922(g) would carry a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). However, the ACCA imposes a fifteen-year mandatory minimum sentence if a defendant has three or more convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves

---

[1] Previously, Defendant's convictions for Attempt to Elude under ORS 811.540 would have qualified as violent felonies under the ACCA residual clause. *Sykes v. United States*, ___U.S.___, 131 S.Ct. 2267 (2011); *United States v. Snyder*, 643 F.3d 694, 698-700 (9th Cir. 2011). The *Sykes* decision was explicitly overruled by the Supreme Court in *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551, 2563 (2015), and the Government no longer contends that Defendant's convictions for Attempt to Elude qualify as ACCA predicates.

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This final, catch-all provision is known as the "residual clause."

Previously, a conviction for Burglary in the First Degree under ORS 164.225 was considered a violent felony under the ACCA's residual clause, rather than as a generic burglary. *United States v. Mayer*, 560 F.3d 948, 958-63 (9th Cir. 2009). The Supreme Court has since struck down the residual clause as unconstitutionally vague. *Johnson* 135 S.Ct. at 2563.

The issue before me is therefore whether either Burglary in the First Degree or Burglary in the Second Degree under Oregon law qualifies as "burglary" as set forth in the ACCA. The Ninth Circuit has recently summarized this increasingly complex inquiry as follows:

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as [a predicate offense]. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Almanza-Arenas v. Lynch*, ___ F.3d ___, 2016 WL 766753, at *2 (9th Cir. Feb. 29, 2016) (en banc) (quoting *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015)).[2]

I have previously determined that Burglary in the First Degree no longer qualifies as an ACCA predicate conviction because ORS 164.225 is both broader than "generic burglary" and indivisible. *United States v. Walsh*, No. 1:13-cr-00325-MC, EFC Dkt. No. 59 (D. Or. Jan. 11, 2016). This conclusion is consistent with the other post-*Johnson* rulings issued in this District.

---

[2] The original en banc opinion in *Almanza-Arenas*, 809 F.3d 515 (9th Cir. 2015), was amended and superseded on February 29, 2016.

*See United States v. Bayya*, No. 3:13-cr-00558-HZ, 2015 WL 8751795, at *3 (D. Or. Dec. 14, 2015) (Hernandez, J. holding that "[b]ecause Oregon's first-degree burglary statute is indivisible and broader than 'generic burglary,' Bayya's convictions for first-degree burglary under Oregon law do not qualify as predicates for an ACCA sentencing enhancement."); *United States v. Mayer*, ___F. Supp.3d. ___, Case No. 6:05-cr-60072-AA, 2016 WL 520967, at *3-12 (D. Or. Feb. 5, 2016) (Aiken, J. holding the same); *United States v. Giddings*, No. 1:12-cr-00053-PA, 2016 WL 814799, at *1-2 (D. Or. Feb 29, 2016) (Panner, J. holding the same); *see also Summers v. Feather*, 119 F. Supp.3d. 1284 (D. Or. 2015) (Sullivan, J. and Hernandez, J. finding that a substantially similar Washington statute is likewise overbroad and indivisible).

Consistent with my previous decision in *Walsh*, I join with Judges Panner, Aiken, and Hernandez in holding that ORS 164.225 is both overbroad and indivisible and that convictions for Burglary in the First Degree under Oregon law do not qualify as ACCA predicate convictions.

Defendant also has a conviction for Burglary in the Second Degree. Courts in this District have previously determined that Burglary in the Second Degree under ORS 164.215 is not a violent felony for ACCA purposes, even under the residual clause. *United States v. Snyder*, 5 F. Supp.3d 1258, 1264-65 (D. Or. 2014) (Panner, J. holding that ORS 164.215 is overbroad and indivisible). This conclusion is consistent with my previous rulings on the issue of Burglary in the First Degree[3] and I adopt Judge Panner's reasoning on that issue. Defendant's conviction for Burglary in the Second Degree is not a predicate conviction for the purposes of the ACCA.

---

[3] In order to commit Burglary in the First Degree under ORS 164.225, a defendant must also violate ORS 164.215. *See* ORS 164.225(1) ("A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling . . .").

Because Defendant's convictions for burglary do not qualify as ACCA predicate offenses, Defendant does not have the three convictions necessary for imposition of the ACCA's fifteen-year mandatory minimum sentence.

## CONCLUSION

Defendant was not convicted of three predicate offenses under the ACCA and he is not subject to the fifteen-year mandatory minimum sentence.

DATED this ___ 1 7 ___ day of March, 2016.

_____

MICHAEL McSHANE
U.S. District Judge